OPINION
In this timely appeal, Joseph Thompson ("Appellant"), challenges the Jefferson County Court of Common Pleas finding that he is a sexual predator pursuant to R.C. § 2950.09. For the foregoing reasons, the trial court's decision is affirmed.
After entering guilty pleas on two counts of rape in violation of R.C. § 2907.02, Appellant was sentenced to serve two consecutive terms of six to twenty-five years on November 15, 1989. On October 15, 1999, the trial court conducted a hearing pursuant to R.C. § 2950.01(E) to determine whether Appellant is a sexual predator.
Evidence elicited at the hearing showed that Appellant had engaged in sexual conduct with three girls between the ages of six and nine years old. (Tr. pp. 7, 8, 12). The sexual conduct occurred on numerous occasions over a period of several months while Appellant was supposed to be babysitting the little girls. (Tr. p. 9). A handwritten statement that Appellant had given police after his arrest in 1989 was also introduced at the hearing. (Tr. pp. 15-17). In that statement, Appellant confessed having been "involved" with the three little girls. (State Exh. 1). Appellant had stressed, however, that although the victims had, "pretended to have intercourse," with him, he did not penetrate them with his penis or fingers. (State Exh. 1).
In his statement to police, Appellant contended that the victims initiated the sexual contact when they "exposed themselves" to him. (State Exh. 1). Nevertheless, Appellant did admit that he played card games with the youngsters during which they would perform a variety of sex acts and that he typically offered the little girls treats to encourage them to participate. Appellant told police that he had the girls masturbate him until he ejaculated, that he had them put their mouths on his penis and that he put his mouth on their vaginas. (State Exh. 1; Tr. p. 8).
On October 22, 1999, the trial court issued an order concluding that Appellant is a sexual predator. In his sole assignment of error, Appellant maintains:
 "THE COURT COMMITTED REVERSIBLE ERROR IN ADJUDICATING THE DEFENDANT A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE § 2950.09."
An individual who has been convicted of or entered a guilty plea to a sexually oriented offense may be deemed a sexual predator under R.C. § 2950.01(E) if the state can demonstrate by clear and convincing evidence that he is likely to engage in such conduct in the future. Anyone so adjudicated must thereafter register with the sheriff in the county where he resides unless the trial court issues an order pursuant to R.C. § 2950.09 that he is no longer a sexual predator.
In determining whether the sexual predator label is appropriate, the trial court may consider an array of factors including, but not limited to, the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. § 2950.09(B)(2).
Appellant contends that the trial court erred when it found that he was a sexual predator. Appellant argues that he had no prior criminal history before he pleaded guilty to the sexual misconduct underpinning this case, that he did not use drugs or alcohol and that he had no mental disabilities during the commission of the offenses, (Tr. pp. 20-21), although we note that Appellant had initially pleaded that he was not guilty by reason of insanity to the present charges. Appellant also directs this Court to the fact that he was fifty-seven years old when the sexual offenses took place, fully ten years before the hearing, and that he would be well into his seventies before the parole board approved his release. (Tr. pp. 20, 24). Appellant argues that he, "* * * is not a young man who is going to be going out and having the wherewithal to be committing offenses." (Tr. p. 27).
Appellant also points out that there was no evidence that he was cruel, coercive or threatening to the little girls he molested. (Tr. pp. 12, 21, 29). Finally, Appellant notes that during his incarceration, he completed more than 5,000 hours of sexual abuse therapy in an effort to permanently modify his behavior. (Tr. pp. 22, 23). According to Appellant, his completion of, "significant hours of sexual abuse therapy and training" should have weighed more heavily in his favor and against the trial court's sexual predator finding. (Tr. p. 28).
This Court reviews a trial court's adjudication that an individual is a sexual predator under R.C. § 2950.09 to ascertain whether that decision was based on clear and convincing evidence. State v. Millward
(Sept. 28, 2000), Mahoning App. No. 99 CA 69, unreported. In Millward, this Court observed that clear and convincing evidence amounted to:
 "* * * a measure of proof which is more than a mere preponderance of the evidence but less than the certainty required to prove a criminal conviction beyond reasonable doubt. Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122. `Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.'" In re Mental Illness of Thomas (1996), 108 Ohio St.3d 697, 700, quoting State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 Id. at 2. In undertaking such a review, however, this Court will not substitute its judgment for that of the trial court where it is supported by competent credible evidence. Id.
The record in the present case clearly and convincingly supports the trial court's conclusion that Appellant is a sexual predator. Appellant pleaded guilty to two counts of rape, in violation of R.C. §2950.01(E). The trial court found that there had been a pattern of abuse. (Oct. 22, 1999, Sexual Predator Order, p. 2). The trial court noted that although Appellant only pleaded guilty to two counts of rape, there were actually four victims. All of the victims were of tender years at the time they suffered the abuse. (Tr. pp. 7-8). The marked difference in age and power between Appellant and his victims demonstrates his predatory nature suggesting a propensity to commit future sexually oriented offenses. State v Michaels (Dec. 8, 1999), Summit App. No. CR94 11 2851, unreported.
The fact that the various acts of abuse in this case took place over a period of two or three months is also indicative of a pattern of sexual abuse. (Tr. p. 26). "The commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely will have a similar compulsion in the future to commit these kinds of sexual offenses." State v Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported.
Appellant used treats and games to entice the victims' ongoing participation in the sexual acts. (Tr. p. 24). As this Court remarked inState v Schmidt (Mar. 23, 2000), Columbiana App. No. 98 CO 55, unreported:
 "Appellant groomed all of the victims at an early age through tickling, massages, and game playing, to help facilitate more sexually overt activity as the children grew older."
 Id. at 7. Appellant's use of a reward system plainly suggested that he intended the abuse to continue over time, thereby fostering the pattern of abuse.
In State v Ivery, supra, the court acknowledged:
 "[t]here is a high potential of recidivism among sex offenders whose crimes involve the exploitation of young children . . . any offender disregarding the universal legal and moral reprobation [against sexually molesting young children] demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
 Id. at 3. Accordingly, the repetitive and sustained nature of the abuse is yet another factor in support of Appellant's adjudication as a sexual predator.
This Court further notes, as did the trial court, that Appellant was able to commit these crimes by taking advantage of his status as a trusted babysitter to the victims and their families. (Oct. 22, 1999, Sexual Predator Order, p. 2). When this Court affirmed the trial court's sexual predator finding in State v Woodburn (Mar. 23, 1999), Columbiana App. No. 98 C0 6, unreported, it specifically identified, "the fact that one of the victims was in a position of trust with appellant in that she was his step-daughter * * *" [as] a pertinent factor in deducing that appellant [wa]s likely to commit additional offenses in the future." Id. at 7.
The fact that Appellant does not meet each and every factor detailed under R.C. § 2950.09(B)(2), does not defeat the trial court's finding. Whether someone is a sexual predator is an inquiry that turns on its own facts. As the reviewing court noted in State v Smith (Aug. 18, 1999), Shelby App. No. 17-99-1, unreported:
 "[t]he enumerated criteria are simply guidelines for a court to consider, and there is no requisite number of factors that must be applicable before a defendant can be considered a sexual predator. Simply because certain factors may not apply to a particular defendant does not mean he or she cannot be adjudicated a sexual predator."
 Id. at 2.
Finally, the trial court's finding that Appellant was a sexual predator was also justified by the need to protect the public at large. The court had before it a man who undermined the trust others placed in him by sexually abusing the very children he had been charged with protecting. The sexual contact involved in this case could never be characterized as a casual or errant indiscretion. Rather, this is disturbingly aberrant conduct that took place repeatedly over an extended period of time.
This Court also finds the underlying tone of Appellant's 1989 confession troubling. At the sexual predator hearing ten years later, Appellant adopted this confession as an accurate rendering of the sexual abuse that occurred. (Tr. p. 24). Even a casual review of that account leaves the reader with the impression that Appellant blames at least some of the sexual abuse that occurred here on the young victims. (Tr. p. 24). In that statement, Appellant claims that the abuse didn't begin to occur until the young victims began "exposing themselves" to him. The confession further suggests that the sexual acts themselves only occurred because the victims instigated it.
The statement does not characterize Appellant's behavior with the little girls as abuse or misconduct. Instead, it maintains that Appellant had been "involved" with the girls. (State Exh. 1). Appellant stressed, however, that he never had sexual intercourse, or otherwise sexually penetrated the victims. Somewhat disconcertingly, Appellant's statement appears to portray Appellant as the victim in this case. By contrast, the little girls he victimized are depicted as sexually aggressive sirens. While Appellant sounds almost proud of the fact that he managed to restrain himself from having sexual intercourse with these children, he does not seem the least bit troubled by the sexual misconduct to which he has confessed. Given that the record evidences no effort by Appellant, beyond his guilty plea, to acknowledge that what he did with these young girls was actually wrong, the trial court's concerns that the conduct might be repeated were justified.
In enacting the sex offender registration and reporting legislation at issue in this case, the general assembly explicitly designated the measure to, "protect the safety and general welfare of the people of this state," and that the "* * * classification, registration, and notification requirements provided that in H.B. 180 [we]re a means of assuring public protection." State v Williams (2000), 88 Ohio St.3d 513,518; and See Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560 ("H.B. 180").
Consequently, the General Assembly concluded that if the public is provided with notice and information about sexual predators, habitual sex offenders and other individuals convicted of sexually oriented offenses as defined in R.C. § 2950.01, citizens can inform and prepare themselves and their children for the release from confinement of a sex offender. R.C. § 2950.02(A)(1). Protection of the public from sexual predators and habitual sex offenders who pose a high risk of recidivism is of "paramount governmental interest." Id. The trial court's conclusion that Appellant's case warranted such a measure was not unjustified.
The record before this Court presents ample evidence of a clear and convincing nature to support the trial court's judgment that Appellant was a sexual predator. Accordingly, Appellant's sole assignment of error is overruled and the judgment of the Jefferson County Court of Common Pleas is affirmed.
DONOFRIO, J. and DeGENARO, J., concurs.